IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:17-cr-213 (RDA) |
| | ) | |
| DAVID H. MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *pro se*[1] Defendant David H. Miller's Motion for Accounting of Proceeds (Dkt. 339) ("Accounting Motion"), Motion for Early Termination of Supervised Release (Dkt. 340) ("Termination Motion"), and Motion to Adjust Payment Schedule (Dkt. 342) ("Payment Motion"). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motions together with the Government's Responses (Dkts. 349, 350, 351), and Defendant's Replies (Dkts. 353, 354), this Court DENIES the Motions for the reasons that follow.[2]

## I. BACKGROUND

The factual background pertinent to this case is set forth in full in this Court's prior Memornadum Opinion and Order (Dkt. 331) as well as the Fourth Circuit's opinion in *United States v. Miller*, 41 F.4th 302 (4th Cir. 2022). In short, Defendant, who was General Counsel and Chief Compliance Officer at an aviation company, and his wife participated in a scheme to: (i) defraud his employer by submitting false invoices from non-existent outside counsel; (ii) solicit funds from colleges on behalf of an autism

---

[1] It is worth noting that Defendant is a law school graduate and worked as an attorney. *See* Dkt. 194 ¶¶ 171, 176 (noting that Defendant graduated from George Mason University School of Law and that Defendant was employed as general counsel).

[2] Defendant's wife and daughter also submitted a filing in this matter. Dkt. 345. This unsolicited filing is not properly before the Court and will not be considered.

1

organization and instead use the funds for personal expenses; and (iii) transfer money from the reelection campaign account of a state representative into accounts controlled by the Millers.

On October 4, 2010, after trial, a federal jury returned guilty verdicts on ten of the twelve counts charged. Dkt. 129. The jury also returned a separate, special verdict as to forfeiture, finding that two properties (the "Fairfax Property" and the "Bethany Beach Property") were proceeds or derived from proceeds of fraud and that the properties were involved in the money laundering offense. Dkt. 130. On January 24, 2020, former U.S. District Judge T.S. Ellis, III sentenced Defendant to 88 months in prison to be followed by a three-year term of supervised release. Dkt. 209. Judge Ellis also ordered a total special assessment of $1,000 and a total restitution judgment of $1,640,665. *Id.* Judge Ellis entered a final order of forfeiture with respect to the Fairfax and Bethany Beach Properties. Dkt. 206. Finally, Judge Ellis also separately entered a restitution order which required the same $1,640,665 in restitution and also directed Defendant to make a $20,000 payment towards restitution within 60 days of entry of the Order and set his restitution payment at "$250 per month or 25 percent of net income, whichever is greater." Dkt. 207.

On February 7, 2020, Defendant noticed his appeal. On July 19, 2022, the Fourth Circuit affirmed Defendant's convictions. *United States v. Miller*, 41 F.4th 302 (4th Cir. 2022).

On October 18, 2023, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. Dkt. 302. On September 11, 2024, this Court issued a Memorandum Opinion and Order denying the motion. Dkt. 331. Defendant noticed his appeal, and the Fourth Circuit dismissed the appeal. Dkts. 332, 357. The mandate is currently stayed pending further order because Defendant sought rehearing *en banc*.

While his appeal was pending, Defendant filed the current motions. On June 25, 2025, Defendant filed the Accounting Motion. Dkt. 339. In the Accounting Motion, Defendant asserts that the sale of the Fairfax and Bethany Beach Properties resulted in more than $1 million and requests an accounting of: (i) the total amount collected from the sale; (ii) the dates of such collection; (iii) the amounts applied towards any court-ordered obligation; and (iv) the current balance remaining on his financial obligations. *Id.*

On June 30, 2025, Defendant filed the Termination Motion. Dkt. 340. In the Termination Motion, Defendant asserts that he is 76 years old, that he was released to home confinement in June 2023, and that

2

he was released in August 2024. *Id.* at 1. Defendant asserts that he is a candidate for a presidential pardon, but not until he has completed his term of supervised release and an additional five-year waiting period. *Id.* at 2. Defendant asserts that he has "demonstrated rehabilitation, stability, and a commitment to a law-abiding life." *Id.* Despite this assertion, Defendant maintains that he knew nothing of his wife's "misuse" of the autism organization's funds. *Id.* Defendant notes that, although unemployed, he has been volunteering his time and that his wife had her motion for early termination granted. *Id.* at 5.

On November 12, 2025, Defendant filed his Payment Motion. Dkt. 342. In the Payment Motion, Defendant asserts that his only current source of income is his monthly retirement benefit of $3,298 of which the Government seizes $494.70. *Id.* at 2. Defendant seeks a reduction in his monthly restitution due to "increased transportation, health-care, food and miscellaneous living expenses" as well as the financial burden associated with the 2023 death of his son. *Id.* Defendant asserts that he obtained $16,000 in loans from his sister to pay for his son's funeral. *Id.* Defendant seeks a reduction from $494.70 per month in restitution payments to $247.35 per month. *Id.* at 5.

On November 19, 2025, the Court directed the Government to respond to the pending motions. Dkt. 344. On December 19, 2025, the Government filed its responses. With respect to the Accounting Motion, the Government provided an accounting. Dkt. 350 at 2. The Government reports that sale of the Bethany Beach Property netted $624,125.28 and sale of the Fairfax Property netted a total of $313,205.96. *Id.* at 3. The Government thus reports that it has credited $937,331.24 towards the money judgment and that the remainder on the money judgment is $703,333.76. *Id.* With respect to restitution, the Government reports that it credited the $937,331.25 from the sale of the properties to both the forfeiture and the restitution obligations. *Id.* The Government further reports that Defendant has made $12,832.42 in payments towards his financial obligations and that his outstanding restitution obligation is $677,736.82. *Id.* The Government reports that Defendant paid the $1000 special assessment in full. *Id.* at 4.

The Government opposes the Payment Motion. Dkt. 349. The Government notes that Defendant never paid the $20,000 required by Judge Ellis in the restitution order. *Id.* at 2. The Government further notes that Defendant has not made a voluntary payment towards his restitution obligation. *Id.* at 3. The

3

Government argues that the motion should be denied based on Defendant's failure to abide by the Restitution Order as well as Defendant's failure to demonstrate a *bona fide* change in his financial condition. *Id.* at 5. The Government asserts that Defendant's barebones motion is insufficient to provide an adequate factual basis for the relief he seeks. *Id.*

Finally, the Government opposes the Termination Motion. Dkt. 351. The Government argues that the motion should be denied due to the nature of the offense, the fact that Defendant has served less than half of his term of supervised release, and the fact that mere compliance with the terms of supervised release is not enough to warrant termination. *Id.* at 3.

Defendant appears to accept the Government's Accounting and only filed replies with respect to the Termination Motion and the Payment Motion. With respect to the Termination Motion, Defendant argues that he has demonstrated sustained rehabilitation and that he presents no risk to the public. Dkt. 353 at 3. He argues that restitution alone is not a basis for continuing supervised release. *Id.* at 5. He also argues that an unauthorized trip to Delaware does not undermine his compliance with his conditions of supervised release. *Id.* at 5. Finally, he argues that supervision is not required to continue "indefinitely." *Id.*

With respect to the Payment Motion, Defendant argues that his material circumstances have changed, that he has no ability to improve them, and that his savings have been depleted over time. Dkt. 354 at 3. He also argues that the Government's focus on the voluntariness of payments is inappropriate. *Id.* at 4. Defendant argues that the failure to pay the $20,000 lump sum payment does not foreclose relief here. *Id.*

## II. ACCOUNTING AND PAYMENT MOTIONS

With respect to the Accounting Motion, the Government has now provided an accounting regarding the application of the payments received as a result of the sale of the Fairfax and Bethany Beach Properties as well as the restitution payments. Dkt. 350. Defendant did not file a reply, and it appears that he is satisfied with the accounting that the Government has provided. Accordingly, the Accounting Motion is denied as moot.

4

In the Payment Motion, Defendant suggests that there has been a material change in his circumstances and that his restitution payments should be adjusted downwards to account for this change. Defendant's argument in this regard is wholly conclusory and unsupported by sufficient information in the record. The parties agree that Defendant receives $3,298 in social security payments of which the Government takes $494 per month to apply to his outstanding restitution balance. This represents about fifteen percent of his social security income and is less than what is provided for in the Restitution Order. Dkt. 207 ¶ 8 (providing for payments of "$250.00 per month or 25 percent of net income, whichever is greater"). By statute, a restitution order may be modified when there is a "material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k). But, in seeking such a modification, "[t]he burden of demonstrating the financial resources of the defendant . . . shall be on the defendant." 18 U.S.C. § 3664(e). Here, Defendant has not provided any information about his financial circumstances other than his conclusory assertions that "increased transportation, health-care, food and miscellaneous living expenses" have increased as well as the financial burden associated with the 2023 death of his son. Dkt. 342 at 2. Defendant provides no information regarding any of the day-to-day living expenses to which he refers. With respect to the unfortunate passing of Defendant's son, the Court sympathizes with Defendant's loss, but, respectfully, it is unclear what impact the financial burdens associated with that loss have here. Defendant asserts that he obtained a $12,000 loan from his sister to pay for those expenses but provides no information about that loan or its terms. *Id.* at 3. Moreover, it unclear why a recent loan from Defendant's sister should be prioritized over repayments to Defendant's victims.

Courts have held that the kind of conclusory allegations made here are not sufficient to satisfy a Defendant's burden to establish his financial resources or a material change. *See, e.g., United States v. Fields*, 2020 WL 32990, at *3 (D.D.C. Jan. 2, 2020) (finding that "conclusory allegations" are "not enough"); *United States v. Robertson*, 2021 WL 1990183, at *2 (N.D. Tex. Apr. 30, 2021) ("Beyond his conclusory allegations, he provides no evidence of a material change in his economic circumstances."). Accordingly, the Payment Motion will be denied without prejudice to renewal.

### III.    TERMINATION MOTION

Pursuant to 18 U.S.C. § 3583(e)(1), after a defendant has served one year of supervised release, a district court may terminate the remaining term after considering certain 18 U.S.C. § 3553(a) factors, if the court is "satisfied that such an action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  Compliance with the conditions of supervised release alone does not justify early termination of supervised release. *See, e.g.*, *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) ("Model prison conduct and full compliance with the terms of supervised release is what is expected for a person under the magnifying glass of supervised release and does not warrant early termination.").  Compliance with the terms of supervised release is expected of defendants who are attempting to live law-abiding lives and reacclimating to free society; it is also necessary to avoid being sanctioned.

Here, Defendant has completed more than one year of supervised release.  Consideration of the 18 U.S.C. § 3553(a) factors, however, does not support early termination of Defendant's supervised release. The § 3553(a) factors that must be considered are: (i) the nature and circumstances of the offense and characteristics of the defendant; (ii) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (iii) the need for the sentence imposed to protect the public from further crimes of the defendant; (iv) the need for the sentence imposed to provide the defendant with needed training or treatment in an effective manner; (v) the kinds of sentence and sentencing range established for the applicable category of offense committed; (vi) pertinent policy statements issued by the Sentencing Commission; (vii) the need to avoid unwarranted sentencing disparities; and (viii) the need to provide restitution to any victims of the offense.  As this Court previously recognized, the first, second, third, fifth, and eighth § 3553(a) factors weigh against granting Defendant's Motion.

Defendant committed a serious crime and engaged in fraud and money laundering schemes to the tune of approximately $1.6 million.  Although Defendant professes his rehabilitation, he continues to demonstrate a lack of acceptance of responsibility and a failure to recognize the harm that he caused.  In an exhibit that Defendant filed with the Court, Defendant asserts that the Government "prosecut[ed] me for

crimes committed by my then wife." Dkt. 341. This is contrary to the jury's verdict, this Court's orders, and the Fourth Circuit's decision on appeal. This lack of remorse or acknowledgement of his wrongs is further evidenced by his questioning of the autism foundation's status as victim. Dkt. 340. Defendant's failure to grapple with his role in these offenses, to recognize the harms that he did, or to accept responsibility indicates that Defendant still needs to be deterred. Moreover, given this and that Defendant continues to be involved with other individual's finances through his volunteer work, some measure of continued supervision continues to be necessary to protect the public.[3]

Further emphasizing the need for additional supervision is that Defendant served less than half of the term of incarceration imposed. Defendant was sentenced to 88 months of incarceration and served only 34 months. A further reduction of the sentence, through early termination of supervised release, undermines factors related to deterrence, just punishment, and promoting respect for the law. Moreover, given this prior reduction, terminating Defendant's term of supervised release early increases the risk of unwarranted sentencing disparities.

Finally, Defendant has a large outstanding restitution obligation – a restitution obligation for which he concedes he has not made all required payments. Although neither probation nor the Government have sought to enforce the provisions of the Restitution Order requiring a $20,000 lump sum payment, that does not mean that the Court cannot consider it when determining whether terminating supervision is appropriate. Moreover, courts routinely rely on outstanding restitution payments as a basis for denying a request for early termination of supervised release and restitution is one of the enumerated factors in § 3553(a) that the Court is directed to consider. *See, e.g., United States v. Crowe*, 2023 WL 4462132, at

---

[3] The Court notes that Defendant is subject to a standard condition of supervised release requiring that he "shall work regularly" unless excused by the probation officer. Dkt. 209 at 4. Although the Court is unaware whether Defendant has been excused from this requirement by the probation officer, Defendant's contention that he is unable to obtain employment based on his conviction rings hollow based on this Court's experience and, indeed, is contrary to his wife and co-conspirator's experience. *See United States v. Wallis*, No. 15-cr-285, United States' Response, Dkt. 129, filed September 8, 2022 (E.D. Va.) (noting that his wife "established and maintained employment").

*2 (W.D. Va. July 7, 2023) ("He also still owes restitution, which weighs against early termination. None of the other applicable § 3553(a) factors weigh either in favor or against early termination.").

Although Defendant appears to be doing well on supervision, that alone is not a basis for granting Defendant's motion to terminate supervision. *See Folks*, 733 F. Supp. 2d at 652. Defendant's arguments, regarding his stability and his performance on supervised release, are not a basis to reduce Defendant's term of supervised release; rather, Defendant's stability demonstrates that supervised release has been effective. Indeed, it appears that the primary motivation for Defendant's Motion is the possibility of a presidential pardon.[4] But the possibility of this future event is not a basis to terminate supervision now. Additionally, to the extent Defendant relies on his wife's receipt of early termination of supervised release, the Court notes that their circumstances are materially different. Mrs. Miller accepted responsibility for her crimes, obtained employment, and had completed two-thirds of her term of supervised release (as opposed to the shorter period completed here). *See United States v. Wallis*, No. 15-cr-285, United States' Response, Dkt. 129, filed September 8, 2022 (E.D. Va.) (noting that his wife "established and maintained employment"). Additionally, at the time the motion for early termination was made, Defendant's wife was acting as guardian for their children and coordinating the services related to their needs. *See United States v. Wallis*, No. 15-cr-285, Motion for Early Termination, Dkt. 129, filed August 19, 2022 (E.D. Va.) (noting that his wife was spending at least twenty hours a week coordinating services for their children). Finally, the Court notes that, although Defendant did not receive a violation, Defendant concedes that he left this District without having received permission to drop some items off to his daughter.

In short, the Section 3553(a) factors and the interests of justice do not weigh in favor of granting Defendant's Motion. Defendant may, however, renew his motion at a later time.

---

[4] In this regard, the Court notes that the letters of support that Defendant submitted to reflect the potentiality of a pardon are not on letterhead or signed in ink, although they purport to come from attorneys, members of Congress, and other individuals.

IV.     CONCLUSION

Accordingly, it is hereby ORDERED that the Accounting Motion (Dkt. 339) is DENIED as MOOT; and it is

FURTHER ORDERED that the Payment Motion (Dkt. 342) is DENIED without prejudice to renewal; and it is

FURTHER ORDERED that the Termination Motion (Dkt. 340) is DENIED without prejudice to renewal.

To appeal this decision, Defendant must file a written notice of appeal with the Clerk of the Court within fourteen (14) days of the date of the entry of this Memorandum Opinion and Order. Failure to file a timely notice of appeal waives Defendant's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record for the Government and to Defendant, who is proceeding *pro se*, at his last address on file.

It is SO ORDERED.

Alexandria, Virginia
April ___, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

9